**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **DANIEL NEPOMUCENO**, | Case No. 2:19-cv-920-AC |
| Petitioner, | **ORDER** |
| v. | |
| **BRAD CAIN**, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Amended Findings and Recommendation in this case on November 1, 2021. ECF 31. Judge Acosta recommended that this Court deny Petitioner Daniel Nepomuceno's habeas petition (ECF 2), enter a judgment of dismissal with prejudice, and decline to issue Petitioner a Certificate of Appealability.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection. Petitioner argues that the Court should grant his habeas petition, or at least grant him a certificate of appealability. Specifically, he states four objections: first, to Judge Acosta's finding that Petitioner had not satisfied the burden of proof with respect to his ineffective assistance of counsel claim; second, to the finding that the post-conviction review court's findings were objectively reasonable; third, to the recommendation that the Court deny Petitioner's petition and dismiss his case; and fourth, to the recommendation that the Court deny a certificate of appealability. ECF 33.

The Court notes that, regarding Petitioner's first and third objections, Petitioner offered no basis or arguments for those objections. Petitioner simply identified Judge Acosta's findings that Petitioner had not satisfied the burden of proof to support his claim of ineffective assistance of counsel and recommendation that the petition be denied and the case dismissed. Petitioner only stated that he objected. A "general" objection to a Findings and Recommendation, however,

does not meet the "specific written objection[]" requirement of Rule 72(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Velez-Padro v. Thermo King de Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) ("Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)"). Judge Acosta's findings and recommendation on those issues, therefore, are reviewed for clear error. No such error is apparent, and the Court adopts those portions of the Findings and Recommendation. Similarly, for those portions of Judge Acosta's Amended Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent, and those portions are adopted.

The Court also has reviewed *de novo* those portions of Judge Acosta's Findings and Recommendation to which Petitioner has provided substantive objections. The Court agrees with Judge Acosta that the post-conviction court's findings were objectively reasonable and that the Court should decline to issue a Certificate of Appealability; accordingly, the Court adopts these portions of the Findings and Recommendation as well.

The Court **ADOPTS** Judge Acosta's Amended Findings and Recommendation, ECF 31. The Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus (ECF 2) pursuant to 28 U.S.C. § 2254. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 18th day of January, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge